IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| vs. | ) | Case No. 22-00125-22-CR-W-BP |
| FRANK ANTHONY VALDIVIA, | ) | |
| Defendant. | ) | |

## ORDER

Pending is Defendant Frank Anthony Valdivia's Motion to Sever Defendants. Doc. 848. The Government has filed its response. Doc. 887. Defendant has not filed a reply, and the time for doing so has passed. L.R. 7.0(c)(3). For the reasons set forth below, the Court **DENIES** Defendant Valdivia's motion.

### I.     BACKGROUND

On September 20, 2022, the grand jury returned a superseding indictment (hereinafter, "indictment") charging Defendant Valdivia and forty-three codefendants with conspiracy to distribute 500 grams or more of a mixture containing a detectable amount of methamphetamine, 50 grams or more of actual methamphetamine, and one kilogram or more of a mixture containing a detectable amount of heroin in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 846 (Count Two). Doc. 396 at 6-8. Defendant Valdivia is also charged with using a communication facility to facilitate a drug trafficking crime in violation of 21 U.S.C. §§ 843(b) and 846 (Counts Seventy-Four[1] and Ninety-Nine) and possession with intent to distribute methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C) (Count One Hundred Eight). *Id.* at 29-30, 37, 40.

---

[1] In Count Seventy-Four, Defendant Valdivia is named with codefendant Jesus Morales-Garcia (2). Doc. 396 at 29-30.

On March 18, 2024, Defendant Valdivia filed the pending Motion to Sever pursuant to Rule 14 of the Federal Rules of Criminal Procedure. Doc. 848. He argues his trial should be severed from that of his codefendants under Rule 14 because "there is reason to believe the jury will not be able to isolate the evidence presented against each [codefendant to] make an independent determination of guilt," and "spillover" evidence poses a significant risk of prejudice to Defendant's case. Doc. 848 at 1-3. Defendant further avers severance of parties is necessary as any future trial continuances requested by codefendants are prejudicial to his right to a speedy trial. *Id*. at 2.[2]

On April 22, 2024, the Government filed its response to the pending motion. Doc. 887. The Government argues Defendant Valdivia was properly joined in the indictment with the other codefendants. Doc. 887 at 3-7. It also contends Defendant Valdivia failed to meet his burden of establishing "severe or compelling" prejudice to warrant a severance. *Id*. at 7-10.

## II. DISCUSSION

Orders on motions to sever are left to the discretion of the trial court. *United States v. Sandstrom*, 594 F.3d 634, 644 (8th Cir. 2010). "When a defendant moves for severance, a district court must first determine whether joinder is proper under Federal Rule of Criminal Procedure 8." *United States v. Ruiz*, 412 F.3d 871, 886 (8th Cir. 2005). If joinder is proper pursuant to Rule 8, the court may still find severance necessary to avoid prejudice under Federal Rule of Criminal Procedure 14. *Id*. "The objective of both Rules is to balance the prejudice inherent in joint trials against the interests in judicial economy." *United States v. Jones*, 880 F.2d 55, 60 (8th Cir. 1989).

In the federal system, there is a preference for a joint trial of defendants who are indicted together. *Zafiro v. United States*, 506 U.S. 534, 537 (1993); *see also United States v. Huddleston*,

---

[2] Defendant does not contend there was an improper joinder of parties or counts under Rule 8(a) or 8(b) of the Federal Rules of Criminal Procedure.

No. 20-03046-09-CR-S-BP, 2022 WL 2345756, at *2 (W.D. Mo. June 29, 2022) (citation omitted). "Generally, persons charged in a conspiracy should be tried together, especially when proof of the charges against the defendants is based upon the same evidence and acts." *United States v. Young*, 753 F.3d 757, 778 (8th Cir. 2014) (citation omitted). A defendant carries "a heavy burden" in demonstrating severance is mandated. *Id.* at 777-78 (citation omitted).

**A.     Joinder**

Joinder of two or more defendants is proper when the joined defendants "are alleged to have participated in the same act or transaction, or in the same series of acts or transactions, constituting an offense or offenses." Fed. R. Crim. P. 8(b). Defendants may be charged in one or more counts together or separately. *Id.* Further, "[i]t is not necessary that all defendants be charged in each count." *Id.* The rule is to be liberally construed in favor of joinder. *Jones*, 880 F.2d at 62. The propriety of joinder is determined from the face of the indictment. *United States v. Reichel*, 911 F.3d 910, 915 (8th Cir. 2018) (citation omitted).

In analyzing joinder, the factual allegations in the indictment must be accepted as true. *United States v. Massa*, 740 F.2d 629, 644 (8th Cir. 1984), *overruled on other grounds by United States v. Inadi*, 475 U.S. 387, 387-400 (1986). The Eighth Circuit has held "persons charged in a conspiracy or jointly indicted on similar evidence from the same or related events should be tried together." *United States v. Donnell*, 596 F.3d 913, 923 (8th Cir. 2010) (quoting *Jones*, 880 F.2d at 63); *United States v. O'Meara*, 895 F.2d 1216, 1218 (8th Cir. 1990).

Defendant Valdivia and forty-three others are charged in the same indictment as co-conspirators in a broad conspiracy to distribute controlled substances. Doc. 396 at 6-8. Specifically, the indictment alleges that beginning no later than February 28, 2020, and continuing to September 20, 2022, the defendants knowingly and intentionally conspired to distribute 500

3

Case 4:22-cr-00125-BP     Document 917     Filed 06/10/24     Page 3 of 8

grams or more of a mixture or substance containing a detectable amount of methamphetamine, 50 grams or more of actual methamphetamine, and one kilogram or more of a mixture or substance containing a detectable amount of heroin. *Id*. Thus, according to the indictment, all Defendants participated in the same criminal acts – i.e., knowingly and intentionally conspiring and agreeing with one another and others, to distribute controlled substances. *Id*. at 6-8.

The indictment alleges in Counts Seventy-Four and Ninety-Nine that Defendant Valdivia "used a communication facility, . . . a telephone, in facilitating the commission of" the conspiracy on or about November 28, 2021 and April 10, 2022. *Id*. at 29-30, 37. Thus, the telephone counts are alleged to have facilitated the commission of the conspiracy charged in Count Two and constitute either the same or related acts to those charged in Count Two.[3]

Defendant is also charged with possession with intent to distribute methamphetamine in Count One Hundred Eight. *Id.* at 40. The alleged date of the offense (June 8, 2022) falls within the dates of the conspiracy charged and involves the same controlled substance (methamphetamine) as alleged in Count Two.[4] *Id*. This substantive offense is an act in furtherance of the alleged conspiracy and is the same or related to the other offenses charged in the superseding indictment.[5] As Rule 8(b) allows defendants to be joined in one or more counts together or separately and does not require that all defendants be named in all counts, there is no prejudicial joinder of defendants in this matter. *See* Fed. R. Crim. P. 8(b). When considering the face of the

---

[3] The Government observed that nineteen other co-conspirators were charged with utilizing a communication facility to facilitate the alleged drug conspiracy. Doc. 887 at 6. Similar to Valdivia, in each telephone count, it is alleged the use of the communication facility was to facilitate the conspiracy to distribute controlled substances. *See* Doc. 396 at 14-15, 16-17, 19-30, 34-37.

[4] The Government observed that five other codefendants were also charged with possession offenses that occurred on June 8, 2022. Doc. 887 at 6-7.

[5] According to the Government, the substantive offenses against Defendant involved offenses or acts that were "part of the conspiracy charged under Count Two." Doc. 887 at 7. Further, the other substantive offenses alleged against codefendants are either part of the conspiracy counts or are sufficiently related to warrant joinder under Rule 8(a) and 8(b).

4

indictment and construing the allegations as true, the Court finds all defendants and all counts are either part of one series of transactions or are closely related to allow joinder. The parties are properly joined in this matter.

**B.     Severance**

When joinder of defendants in a criminal case "appears to prejudice a defendant," the court, among other things, may sever the defendants' trials. Fed. R. Crim. P. 14(a). A defendant is prejudiced when he or she is "deprived of an appreciable chance for an acquittal, a chance that the defendant would have had in a severed trial." *United States v. Goodhouse*, 81 F.4th 786, 791 (8th Cir. 2023) (quoting *United States v. Garrett*, 648 F.3d 618, 625-26 (8th Cir. 2011)). Severance should be granted "only if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence." *United States v. Sherman*, 81 F.4th 800, 805 (8th Cir. 2023) (citation omitted). The defendant bears the burden of establishing prejudice. *Goodhouse*, 81 F.4th at 791; *see also Young*, 753 F.3d at 777 (citation omitted).

In the context of an alleged conspiracy, severance "will rarely, if ever, be required." *United States v. Searing*, 984 F.2d 960, 965 (8th Cir. 1993). The Eighth Circuit has explained joint trials are preferred in cases where defendants are properly joined because the jury has the "best perspective on all of the evidence . . . [which] increases the likelihood of a correct outcome." *United States v. Lewis*, 557 F.3d 601, 609 (8th Cir. 2009) (quoting *United States v. Flores*, 362 F.3d 1030, 1039 (8th Cir. 2004)). "This presumption can only be overcome if the prejudice is 'severe or compelling.'" *Id*. (quoting *United States v. Crumley*, 528 F.3d 1053, 1063 (8th Cir. 2008)).

5

Defendant Valdivia claims a severance is warranted because "there is significant risk of prejudice in the form of 'spillover' evidence," and "the jury will not be able to isolate the evidence presented against each [codefendant to] make an independent determination of guilt with respect to each [codefendant]." Doc. 848 at 3. He specifies his "alleged role in this conspiracy is limited to contact with a single defendant out of the [forty-three codefendants]." *Id*. at 4. But "the jury will likely hear evidence of the more severe and extensive alleged crimes, involving many drug transactions between over 40 co-conspirators, none of whom are alleged to have any contact with Defendant Valdivia." *Id*. at 4. He contends "[a]llowing the jury to hear evidence of the 43 other defendants' numerous and deliberate criminal offenses will substantially prejudice the jury against [him]." *Id*.

Severance is not required merely because evidence admissible only against one defendant may be damaging to another defendant. *See United States v. Mickelson*, 378 F.3d 810, 818 (8th Cir. 2004). Disparity among the defendants in involvement or culpability is "commonplace in conspiracy cases" and by itself is insufficient to constitute prejudice requiring severance. *United States v. Spotted Elk*, 548 F.3d 641, 658 (8th Cir. 2008); *see also United States v. May*, 70 F.4th 1064, 1071 (8th Cir. 2023). In addition, a Defendant's limited involvement in a conspiracy does not warrant severance. *United States v. Pecina*, 956 F.2d 186, 188 (8th Cir. 1992) (citation omitted). For a severance to be warranted, Defendant must show a jury will be unable to compartmentalize the evidence against each individual defendant in this case. *See United States v. Kime*, 99 F.3d 870, 880 (8th Cir. 1996) (citation omitted).

Here, Defendant Valdivia claims the evidence of codefendants' involvement in the alleged conspiracy is much more severe and extensive than evidence of his own involvement. Doc. 848 at 1-4. However, all Defendants are charged as part of the same conspiracy. Doc. 396 at 6-8. As

6

such, disparity in levels of involvement and applicable evidence is expected. *See Spotted Elk*, 548 F.3d at 658; *May*, 70 F.4th at 1071. While the number of defendants[6] may add to the complexity of this case, the Eighth Circuit has previously upheld joinder in similar drug conspiracy cases with multiple defendants charged in an indictment. *See United States v. Donnell*, 596 F.3d 913, 922-23 (8th Cir. 2010) (upholding joinder of twenty-eight defendants in an indictment that involved in the same overarching drug conspiracy).

Further, any potential prejudice posed by the disparity is likely to be cured with limiting jury instructions. *Mickelson*, 378 F.3d at 818 (holding "risk of prejudice posed by joint trials is best cured by careful and thorough jury instructions.") For example, despite evidence being arguably stronger against one defendant in *Flores*, the Eighth Circuit found that any prejudice suffered by the codefendant from presentation of such evidence in a joint trial was adequately minimized by the court's limiting instructions. 362 F.3d at 1042. Here, Defendant Valdivia does not discuss limiting jury instructions, nor does he contend they are insufficient to prevent prejudice in this matter. Accordingly, the Court has no reason to doubt the effectiveness of limiting jury instructions or the jury's ability to follow them. *See Zafiro*, 506 U.S. at 540-41 (recognizing juries are presumed to follow the instructions given to them).

Defendant Valdivia also argues that there is a potential for the introduction of prior bad acts evidence against the remaining codefendants under Fed. R. Evid. 404(b). Doc. 848 at 4. Defendant does not, however, identify or explain to any degree what prior bad acts evidence would be admissible against a codefendant or the potential prejudicial impact of that evidence to

---

[6] While the indictment charges forty-four defendants, fourteen Defendants have entered changes of plea and have either been sentenced or are awaiting sentencing, charges have been dismissed against two Defendants, and six Defendants have scheduled changes of plea. *See* Docs. 494, 526, 539, 596, 660, 665, 731, 738, 769, 796, 805, 827, 875, 877, 880, 884, 899, 906, 907, 910, 911, 913. Four Defendants have yet to be arrested. Thus, the number of defendants who proceed to trial will be much lower than the number of defendants named in the indictment.

7

Defendant's case.  Further, Defendant does not discuss limiting or cautionary instructions that may be used when evidence involving a codefendant is introduced at a joint trial.  *See also United States v. Kuenstler*, 325 F.3d 1015, 1024 (8th Cir. 2003).  Defendant has not carried his heavy burden of establishing severe or compelling prejudice sufficient to warrant a severance of defendants based on unspecified Rule 404(b) evidence.

Defendant Valdivia also contends "any future requests for trial continuance are prejudicial to [his] speedy trial rights."  Doc. 848 at 2.  This matter is set on the Joint Criminal Jury Trial Docket commencing on September 16, 2024.[7]  Doc. 728.  There are currently no pending motions to continue.  Accordingly, the Court finds Defendant Valdivia's contention regarding future requests for trial continuance is premature and insufficient to warrant a severance at this time.

Defendant Valdivia has not shown he will be deprived of an appreciable chance for acquittal if his trial is not severed.  And he has not demonstrated there is a serious risk that a joint trial will compromise his specific trial rights or prevent the jury from making a reliable judgment about his guilt or innocence.  As such, Defendant Valdivia has not met his burden.  Thus, the Court finds severance unwarranted.

### III.  CONCLUSION

Based on the foregoing discussion, the Court **DENIES** Defendant Valdivia's Motion to Sever (Doc. 848).

**IT IS SO ORDERED.**

DATE: June 10, 2024
                          */s/ W. Brian Gaddy*
                          W. BRIAN GADDY
                          UNITED STATES MAGISTRATE JUDGE

---

[7] During the September 11, 2023 status conference, Defendant Valdivia raised no objection to the continuance to the September 16, 2024 Joint Criminal Jury Trial Docket.  Doc. 728 at 4-6.